### Thoms v. Greene.

*Assumpsit on a bill of exchange drawn by plaintiff on one S. in favor of defendant, and by defendant endorsed to plaintiff: Held that as no special circumstances were alleged in the declaration rebutting the presumption arising from the position of the parties on the bill, the plaintiff could not recover? Quære whether an action could have been maintained if the facts as they really existed has been alleged in the declaration? viz: That plaintiff signed the bill as drawer without consideration and merely to accommodate defendant, who signed as endorser and endorsed the bill to plaintiff for the purpose of securing the payment of a debt due plaintiff by S. the drawee.*

Appeal from the St. Louis Circuit Court.

*Geyer, for Defendant.*

1. The promise of the defendant was not original, but collateral to pay on the default of Sefton, and within the statute of frauds, Matson v Wharan 2 T. R. 80, Burkmyre v Darnal 1 Salk, 27, Anderson v Hayman 1 H. Bl. 120, Jones v Cooper. Cowp. 227, Chase v Day, 17, Johns R. 114, Fell on guarantee p. 31, Leonard v Vredenburg 8, John, R. 29.

2. The writing made by the defendant in this case does not express the consideration of the promise, and is therefore void,

Fell on Guarantee 43, Warn and al. v Walten, 3 east R. 10, Lyon v Lamb, Fell on Guarantee appendix no. 3, Saundears v Wakefield 4, Barnw. and A. 595 (6th E. C. L. R. 531) Jenkins v Reynolds 3, Brod. and Bring. 14 (7th E. C. L. R. 328) Moodby v Boothy 11 E. C. L. R, 57 note (3) 2 starkie 602. note (1,) p. 603, 3, Johns, R. 210, 3, east, 10 and cases above cited. 1 Phillips Ev. 439, and 3 Bingh, 107, 3 Dallas 415, 421.

3. Whether the promise of the defendant be within or without the Statute, and whether the writing be sufficient or insufficient, the contract is in writing, and nothing not found in the writing can be considered as part of it. 2 starkie Ev. 81–101. 1st Phil. Ev. 437; 441, Chater v Becket 7, T. R. 201. Fell on Guarantee 15.

4. The writing purporting to be a guarantee given in evidence in this case is incompetent; 1st. because for the reasons, and upon the authorities above cited it is void. 2. because of its variance from the contract set forth in the 4th count; and was not relevant in any other count.

2 Starkie, Ev. 1543. 1 Phil. Ev. 126. Saunders on Pl. and Ev. 960, 535, 672, to 600, 32. 1 Saunders Rep. 211; (n.) 2. Fell on Guarantee. 1 Salks 27, Ld. Ray. 224. Cowp. 227, 2. Wils. 141, 1 Barr 373.

5. This cause having been tried by the court sitting as a jury on the evidence of the plaintiff, the opinions prayed for by the defendant are to be regarded as prayers of instructions to a jury· And if the court ought to have given either of them, the judgment ought to be reversed for that cause.

6. The writing signed by Greene is void, and the court ought so to have decided on the prayer of the defendant. See the reasons and authorities on the 2nd point.

7. The evidence did not sustain either of the three first counts of the declaration, and the circuit court erred in deciding the contrary. Herrick v Carman 10 Johns. R. 224, Bishop v Hayward 4, T. R. 469, 9, E. C. L. 159, 8. The circuit court decided that the plaintiff was not entitled to

recover on the fourth count of the declaration, but sitting as a Jury afterwards disregarded its own instructions as a court, and found a verdict for the plaintiff on the fourth count. The verdict ought therefore to have been set aside.

9. The evidence did not support the fifth or sixth counts of the declaration and the court ought to have given the opinion prayed for by the defendant. 1. Saunders 211 note (2) 4 E. C. L. R. 264.

10. The verdict ought to have been set aside and a new trial granted.

### Spalding for Appellee.

1. The paper signed by Greene was properly admitted in evidence.

2. The court properly refused to declare that paper void.

3. The court properly refused to lay down the law, that Thoms was not entitled to recover on the three first counts. 4 Term Rep. 470; 2 Bos. & Pul. 125; 2 Barn. & Cres. 483; 4 Missouri Rep. 438; 1 Mis. Rep. 95 & 96; Rev. code 522, sec. 31; 4 Mis. Rep. 82.

4. The court did not err in refusing to give an opinion that the issue on the fifth count should be found for Greene.

5. The issue on the 6th count was rightly found for the appellee, and the court did not err in refusing to give an instruction that it should be found for the appellant. Chitty on Bills 81, 79, 82, 595 & 596. 16 John. Rep. 136, 137. 5 Mis. Rep. 525.

6. The finding for plaintiff's on the common counts, and rendering judgment, if error, was for Greene's advantage, and therefore cannot be reversed. 5 Mis. Rep. 525.

### Opinion of the Court by Napton, Judge.

This was an action of assumpsit brought by Thoms against Greene, for the amount of three bills of exchange, amounting in all to $1599 99. The three first counts are on these bills, alledged to be drawn by William Thoms on one John Sefton, in favor of William W. Greene, and endorsed by said Greene to plaintiff. The counts are in the usual form, and aver acceptance, presentment for payment, and notice of dishonor, to Greene, after protest. The fourth count sets out a guaranty, on the part of Greene, that the

bills should be paid. The bills in this count were described to be fifteen hundred dollars, thirty-three cents. The fifth count was for work and labor, money paid, goods sold, &c., and the sixth on an account stated. Plea non assumpsit.

On the trial, the plaintiff offered in evidence the three bills of exchange described in the declaration, proved their presentment to the acceptor, their protest for non-payment and notice to the defendant.

The affidavit of William Robertson established the following facts : That plaintiff sold a lot of merchandize to Sefton (the acceptor of the bills.) Three drafts each for the sum of $533 33, one payable in eight months, one in eleven months, and the other in fourteen months, were executed in payment for said goods. The drafts were written by Greene, and presented by him to Thoms for his signature. Thoms objected at first to signing the drafts, stating that he preferred Greene should be drawer. Greene stated that his only motive for wishing them in that form was that he was desirous to appear on the drafts as endorser, being much indebted to the Bank. But he would be responsible for the payment of the drafts at maturity, and would hold himself as liable for their payment as though he was the drawer. The goods were sold by Thoms, in the opinion of the witness, much more on the credit of Greene than Sefton. Thoms would not have sold to Sefton alone, as he knew very little of his affairs and circumstances. Greene appeared much interested in the purchase of the goods, and took a part of them himself. The said drafts were at length signed by said Thoms, endorsed by Green, and accepted by Sefton in the presence of deponent. It was distinctly understood by all the parties, that Greene endorsed said drafts as the surety of Sefton, the acceptor. Greene was the son-in-law of Sefton. Plaintiff also offered in evidence the following paper signed by defendant: "I hereby engage that John Sefton will pay to Mr. Thoms his several drafts dated 12th April, 1833, one at eight months after date for five hundred and thirty-three dollars thirty-three cents, payable to my order at Louisville, Ky., one of equal sum payable at eleven months after date, and one of equal sum payable at fourteen months after date

making together the sum of one thousand and six hundred dollars. Cincinnati, April 12, 1833, W. W. Greene." This paper was objected to, but was admitted by the court.

After the close of the testimony, the defendant prayed the opinion of the court:

*First,* That the said writing of the said defendant last aforesaid set forth, was and is void.

*Second,* That the plaintiff is not entitled to recover on either of the three first counts of the declaration.

*Third,* That the defendant is not entitled to recover on the fourth count.

*Fourth,* That on the evidence as aforesaid given, the issue on the fifth count of the declaration ought to be found for defendant; and also on the sixth count.

The court gave the third instruction, but refused the others, and gave verdict and judgment for the plaintiff. Defendant moved the court to set aside the verdict and judgment, because the verdict was against law and evidence, which motion was over-ruled, and exceptions saved to the several opinions of the court.

The material question here, is whether the three first counts of the declaration were sustained. It seems, that Sefton purchased a stock of goods from Thoms, the payment for which Greene was willing to guaranty. For this purpose he drew up three bills for exchange upon Sefton with Thoms as drawer and himself as payee. He then endorsed the bills to the plaintiff, who was the drawer. To make the matter more certain, he executed a separate writing, by which he engages himself to see the bills paid at maturity.

The plaintiff then brings an action on the bills as endorsee, without averring that William Thoms the plaintiff, and William Thoms the drawer of the bills were identical, If this had been averred in the declaration, it would have been bad according to Bishop v Hayward 4. term R. 470. If then the defendant had pleaded that Thoms the plaintiff and Thoms the drawer were one and the same person, this would have been a good plea. The testimony established this fact, and the court was called upon to say that this this testimony

did not support the declaration. The court should have given this instruction. The proof so far from sustaining the three first counts, proved what amounted to a complete bar. But the proof went farther and established that Thoms signed as drawer without consideration and merely to accommodate Greene, but that Greene signed as endorser for the purpose of securing the payment of the amount of the bills to Thoms. This was a special case not warranted by any thing appearing on the face of the bills, and should have been declared on accordingly. The bills purport on their face, according to the law merchant, that Thoms the drawer was the debtor of Greene, and though he became afterwards the endorsee, he cannot recover against Greene, because Greene could immediately recover back against him. Without the allegation of any special circumstances to rebut this presumption arising from the position of the parties on the bill, Thoms cannot recover.

I do not know that it is necessary or proper to inquire, whether the party could on the facts recorded in the bill of exceptions make a good case. Lord Kenyon said in Bishop v Hayward, "I admit that a case might happen in which the plaintiff might have stated that he was substantially entitled to recover on this note, for example, that his own name was originally used for form only, and that it was understood by all the parties to the instrument that the note though nominally made payable to the defendant was substantially to be paid to the plaintiff; but if such were the case the note should have been declared upon according to its legal import as was held in Minott v Gibson (H. Black R. 569.")

This is substantially the case at bar, and yet in Britten & Wilson v. Webb, (2, Barn and Cress. 483,) the plaintiffs declared on a bill of exchange, drawn by the plaintiffs upon one F. W. endorsed by the plaintiff to defendant and re-endorsed by him to the plaintiffs, and averred, that at the time of drawing the bill it was agreed that the name of the defendant should be endorsed upon the bill as a security to the plaintiffs for the due payment thereof, by F. W. and that the bill was so endorsed under such agreement, and that the endorsement by plaintiffs was without

*Margin note:* plaintiff on one S. in favor of defendant endorsed to plaintiff: Held, that as no special circumstances were alleged in the declaration rebutting the presumption arising from the position of the parties on the bill, the plaintiff could not recover. Quere, whether an action could have been maintained if the facts as they really existed had been alleged in the declaration viz: that plaintiff signed the bill as drawn without consideration and merely to accommodate defendant, who signed as endorser and endorsed the bill to plaintiff for the purpose of securing the payment of a debt due plaintiff by S. the drawee?

G2

consideration. The usual averments of presentment for payment, protest for non payment &c. were also made. This declaration was demurred to, and all the judges held the declaration bad. It was held that plaintiffs could not recover on the bills, because by the custom of merchants, the plaintiffs as drawers were liable to pay the contents to the defendant, and if the action was founded on the special contract, it could not be maintained, because it did not appear that there was any consideration for the defendant's endorsement. Holroyd J. in his opinion, expressly referred to the decision in Bishop v Hayward. If this decision is to be looked upon as a judicial interpretation of the previous opinion in Bishop v Hayward, Lord Kenyon's dictum in that case in relation to the special action which he supposed maintainable, must be taken with a very important limitation. A consideration for a special agreement, altering the actual position of the parties on a bill, must be averred and proved.

The *guaranty*, offered in evidence under the fourth count, was properly rejected by the court, because of variance. No judicial interpretation upon the meaning and effect of the word "*agreement*" used in our statute of frauds has ever yet been made in this State. As the question does not arise in this case, I will not consider it here.

The common counts for money paid, money had and received &c. cannot help the plaintiff's case. The bills, in my opinion, did not support either the 5th or 6th counts, because they purported that the plaintiff was the debtor of defendant, and if he paid them, he was only paying his own debts. Judgment reversed.

*McGirk, Judge.*

I am of opinion that in the foregoing case, Greene is responsible as endorser to Thoms.